1  Katelyn C. Sullivan, Bar No. 307421
   KSullivan@perkinscoie.com
2  PERKINS COIE LLP
   1888 Century Park East, Suite 1700
3  Los Angeles, California 90067-1721
   Telephone: +1.310.788.9900
4  Facsimile: +1.310.788.3399

5  Everett J. McLean, II, Bar No. 335189
   EMcLean@perkinscoie.com
6  PERKINS COIE LLP
   505 Howard Street, Suite 1000
7  San Francisco, California 94105-3204
   Telephone: +1.415.344.7000
8  Facsimile: +1.415.344.7050

9  Attorneys for Defendant,
   T-MOBILE USA, INC.
10

   *(Counsel continued on page two)*
11

12                 UNITED STATES DISTRICT COURT

13                NORTHERN DISTRICT OF CALIFORNIA

14                       OAKLAND DIVISION

15

16  JOSHUA MILLER,                         Case No. 4:24-cv-06792-HSG

17         Plaintiff,                      **JOINT STIPULATION AND
                                           ORDER TO TAKE DEPOSITIONS
18     v.                                  AFTER THE CLOSE OF FACT
                                           DISCOVERY**
19  T-MOBILE USA, INC.; and DOES 1 through
    20, inclusive,
20
           Defendant.
21

-1-

*(Counsel continued)*

Jon Daryanani, Bar No. 205149
jon.daryanani@squirepb.com
SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071
Telephone:   +1.213.689.6502
Facsimile:   +1.213.623.4581

Co-counsel for Defendant,
T-MOBILE USA, INC.

Michael Freiman, Bar No. 280716
mike@employlegal.com
Law Office of Michael Freiman
100 Wilshire Blvd., Ste. 700
Santa Monica, California  9401
Telephone:  1.310.917.1022

Attorneys for Plaintiff,

JOSHUA MILLER

Pursuant to Rules 16(b)(4) and 29 of the Federal Rules of Civil Procedure and Civil Local Rule 6-2, Plaintiff Joshua Miller ("Plaintiff") and Defendant T-Mobile USA, Inc. ("Defendant" or "T-Mobile") (collectively, the "Parties"), by and through their counsel of record, jointly request to extend the July 5, 2025 close of fact discovery deadline to August 29, 2025, for the limited purpose of completing three previously-noticed depositions. In support of this request, the Parties stipulate as follows:

WHEREAS, Rule 29 of the Federal Rules of Civil Procedures provides that the Parties may stipulate to extend discovery;

WHEREAS, Rule 29(b) of the Federal Rules of Civil Procedure provides that Court approval is required to extend discovery, even where the Parties have stipulated to the extension;

WHEREAS, on January 8, 2025, the Court entered a Scheduling Order setting the close of fact discovery for July 5, 2025 (ECF No. 21);

WHEREAS, on April 28, 2025, T-Mobile took the deposition of Plaintiff. However, at Plaintiff's request, the deposition was adjourned early, with the understanding and agreement of the Parties that a second session would be scheduled to complete the deposition on a mutually agreed-upon date. Despite good faith efforts, the Parties have been unable to schedule a second session prior to the close of fact discovery due to the unavailability of Plaintiff, Plaintiff's counsel, and counsel for T-Mobile. The second session of Plaintiff's deposition was noticed for June 26, 2025, but Plaintiff's counsel stated he was unavailable on the noticed date. Accordingly, the Parties have continued meet and confer efforts to find a mutually agreeable date for the previously-stipulated to second session of Plaintiff's deposition. Declaration of Everett J. McLean in Support of Joint Stipulation and [Proposed] Order to Take Depositions After the Close of Fact Discovery ("McLean Decl.") ¶ 4. Plaintiff's counsel has agreed to produce Plaintiff for the second session of his deposition on a mutually agreeable date on or before August 15, 2025;

WHEREAS, Defendant's initial disclosures did not identify any witnesses by name and instead referred to documents in response to sections requesting the identifies of the witnesses to be relied on by the defense. In July, 2025, Defendant served amended initial disclosures naming

Cishanie Lontoc Murillo and Freddy Robinson Bey. Defendant's responses to Plaintiff's written discovery also disclosed only two (2) witnesses (Cishanie Lontoc Murillo and Freddy Robinson Bey) representing both could be contacted through Defendant. June 24, 2025, Plaintiff served subpoenas, with document requests, to depose Cishanie Lontoc Murillo and Freddy Robinson Bey (collectively, the "Deponents") on July 2, 2025. McLean Decl. ¶ 4. Defendant objected to the subpoenas on July 1, 2025, on the grounds that the deposition dates were unilaterally selected, the Deponents and T-Mobile's counsel were unavailable, and the subpoenas failed to provide reasonable notice as required by Rule 45 of the Federal Rules of Civil Procedure. *Id.* However, the Parties met and conferred from July 3, 2025 through July 17, 2025, and agreed to a second deposition session for Plaintiff and to the deposition of the Deponents, with the understanding that T-Mobile does not currently represent Mr. Robinson Bey. *Id.*

However, the Parties presently dispute whether or not Plaintiff must withdraw the document commands included with the subpoenas to Ms. Lontoc Murillo and Mr. Robinson Bey. Defendant's position is that Plaintiff should not be permitted document commands with its deposition subpoenas to Ms. Lontoc Murillo and Mr. Robinson Bey. Plaintiff contends there is no legal reason to deny Plaintiff the right to the document commands that Rule 45 permits. These are the only two witnesses disclosed by the defense and Plaintiff's deposition of these witnesses should include the witnesses producing the relevant documents they have.[1] Indeed, without such a production, the deponents may not be able to answer the questions but instead refer to documents it has but never produced. This issue remains unresolved and subject to the Court's determination, noting Defendant objects to Plaintiff's inclusion of document commands in the deposition subpoenas to Murillo and By. McLean Decl. ¶ 4;

WHEREAS, pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure, the Court may extend case deadlines for good cause, with or without motion or notice. Good cause exists to extend the close of fact discovery deadline as to depositions only because the Parties desire to take

---

[1] T-Mobile disputes Plaintiff's characterization that these two witnesses were only recently identified, as both individuals—who are Plaintiff's supervisors—were identified by Plaintiff and T-Mobile at the outset of the case and in T-Mobile's discovery responses served on March 5, 2025.

the deposition of Plaintiff and the two witnesses Cishanie Lontoc Murillo and Freddy Robinson Bey after the close of fact discovery due to witness unavailability and/or attorney unavailability. McLean Decl. ¶ 4. This is the Parties' first request for an extension of any Scheduling Order deadlines. *See id.* ¶ 5. The requested modification will not impact any other deadlines in this action. *Id.* ¶ 6. The Court has not stated that further extensions will not be granted.

NOW, THEREFORE, AND SUBJECT TO THE COURT'S APPROVAL, IT IS HEREBY STIPULATED THAT:

1. The close of fact discovery shall be extended to August 29, 2025 solely for the purpose of the depositions of Plaintiff and the Deponents Cishanie Lontoc Murillo and Freddy Robinson Bey.

**IT IS SO STIPULATED.**

Dated: July 18, 2025                     **LAW OFFICE OF MICHAEL FREIMAN**

Bys: */s/ Michael Freiman*
     Michael Freiman, Bar No. 280716

Attorney for Plaintiff
JOSHUA MILLER

Dated: July 18, 2025                     **PERKINS COIE LLP**

By: */s/ Everett J. McLean, II*
    Katelyn Sullivan, Bar No. 307421
    Everett J. McLean, II, Bar No. 335189

Attorneys for Defendant
T-MOBILE USA, INC.

## ATTESTATION

Pursuant to Civil Local Rule 5-1(i)(3), I, Everett J. McLean, II, attest that concurrence in the signing and filing of this document has been obtained from the other signatories.

Dated: July 18, 2025                                   **PERKINS COIE LLP**

By: */s/ Everett J. McLean, II*
Everett J. McLean, II, Bar No. 335189

**ORDER**

The Court, having reviewed the Stipulation of the Parties and finding good cause, hereby GRANTS the Parties request to extend the deadline to the close of fact discovery as follows:

1. The close of fact discovery shall be extended to August 29, 2025 solely for the purpose of the depositions of Plaintiff and the Deponents, identified as Cishanie Lontoc Murillo and Freddy Robinson Bey, without any document requests.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: 7/21/2025

Hon. Haywood S. Gilliam, Jr.